## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| BOARD OF TRUSTEES,<br>SHEET METAL WORKERS'<br>LOCAL 9 PENSION TRUST,<br>    1515 W 47th Ave, Suite B<br>    Denver, CO  80211 | )<br>)<br>)<br>)<br>)<br>) |
| BOARD OF TRUSTEES,<br>COLORADO SHEET METAL WORKERS'<br>LOCAL 9 HEALTH FUND,<br>    1515 W 47th Ave, Suite B<br>    Denver, CO  80211 | )<br>)<br>)<br>)<br>)<br>) |
| JOINT APPRENTICESHIP AND TRAINING<br>COMMITTEE, COLORADO SHEET METAL<br>WORKERS TRAINING FUND,<br>    1515 W 47th Ave, Suite B<br>    Denver, CO  80211 | )<br>)<br>)<br>)<br>)<br>) |
| SMART LOCAL 9 VACATION PLAN,<br>    1515 W 47th Ave, Suite B<br>    Denver, CO  80211 | )<br>)<br>)<br>) |
| COLORADO SHEET METAL INDUSTRY<br>FUND,<br>    1114 W. 7th Ave., Suite 250<br>    Denver, CO  80204 | )   Civil Action No. 23-cv-3458<br>)<br>)<br>)<br>) |
| and | ) |
| SMACNA COLORADO DRUG TESTING<br>FUND,<br>    1114 W. 7th Ave., Suite 250<br>    Denver, CO  80204 | )<br>)<br>)<br>)<br>) |
|        Plaintiffs, | )<br>) |
| v. | )<br>) |
| AMERICAN VETERAN HEATING & AIR,<br>    6847 Red Cardinal Loop<br>    Colorado Springs, CO  80908 | )<br>)<br>) |
|        Defendant. | )<br>) |

## COMPLAINT

COME NOW, the following: (i) the Board of Trustees of the Sheet Metal Workers' Local 9 Pension Trust (the "Pension Fund"); (ii) the Board of Trustees of the Colorado Sheet Metal Workers' Local 9 Health Fund (the "Health Fund"); (iii) the Joint Apprenticeship and Training Committee of the Colorado Sheet Metal Workers Training Fund (the "Training Fund"); (iv) the SMART Local 9 Vacation Plan (the "Vacation Plan"); (v) the Colorado Sheet Metal Industry Fund (the "Industry Fund"); and (vi) the SMACNA Colorado Drug Testing Fund (the "Drug Testing Fund"). The Pension Fund, Health Fund, and Training Fund are referred to collectively as the "ERISA Funds." The ERISA Funds, Vacation Plan, Industry Fund, and Drug Testing Fund are referred to collectively as "Plaintiffs" or the "Funds." Plaintiffs, by their counsel, hereby complain of Defendant American Veteran Heating & Air ("Defendant") as follows:

## Introduction

1.      This action is brought under Sections 502(g)(2) and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(g)(2) and 1145. This action is also brought under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Plaintiffs seek a money judgment awarding delinquent contributions and other amounts owed by Defendant to Plaintiffs, pursuant to ERISA §§ 502(g)(2) and 515, 29 U.S.C. §§ 1132(g)(2) and 1145, Defendant's collective bargaining agreement ("CBA"), and LMRA § 301.

## Jurisdiction and Venue

2.      Jurisdiction of the Court arises pursuant to 28 U.S.C. §§ 1331 and 1337, Section 502 of ERISA, 29 U.S.C. § 1132, and Section 301 of the LMRA, 29 U.S.C. § 185.

23015283v5

3.      Because the ERISA Funds are administered in this district, venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

4.      Venue is also proper in this district under 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Defendant is located in this district and the breach occurred, and continues to occur, in this district.

5.      Venue is also proper in this district under 28 U.S.C. § 1391(b)(1) and (2).

## Parties

6.      Plaintiffs, the respective Boards of Trustees of each of the Pension Fund and Health Fund and the Joint Apprenticeship and Training Committee of the Training Fund (collectively, the "Trustees"), are fiduciaries of the ERISA Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

7.      Each of the ERISA Funds is a multiemployer jointly administered labor-management employee benefit plan created and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186 (c)(5), and a "multiemployer plan" as defined in Section 3(37) of ERISA, 29 U.S.C. § 1002 (37).   The ERISA Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and employee welfare benefit plans or employee pension benefit plans within the meaning of Sections 3(1) or 3(2) of ERISA, 29 U.S.C. §§ 1002(1) or (2), maintained for the purpose of providing retirement, medical, accident, disability, or apprenticeship and related benefits to eligible participants and their beneficiaries.

8.      The Trustees bring this action on behalf of themselves and the ERISA Funds, and on behalf of the ERISA Funds' participants and beneficiaries, pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

9.      Although not governed by ERISA, Defendant's CBA also requires it to make contributions to each of the Vacation Plan, Industry Fund, and Drug Testing Fund.  The Vacation Plan provides vacation benefits to covered participants.  The Industry Fund promotes programs relating to, *inter alia*, industry education and training and the negotiation and administration of CBAs.  The Drug Testing Fund administers drug testing.

10.     The principal place of business of each of the Plaintiffs is in Denver, Colorado, which is also where each of the ERISA Funds is administered.

11.     Defendant is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11), and 3(12) of ERISA, 29 U.S.C. §§ 1002(5), (11), and (12), and Sections 2(2), (6), and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6), and (7).

12.     Upon information and belief, Defendant is a limited liability company organized in the State of Colorado, and Defendant's principal place of business is located at 6847 Red Cardinal Loop, Colorado Springs, CO 80908.

## Factual Allegations

13.     At all relevant times, International Association of Sheet Metal, Air, Rail, and Transportation Workers' Local 9 ("Local 9") has been the exclusive collective bargaining agent for a unit of Defendant's sheet metal employees.

14.     At all relevant times, Defendant has been a party to a CBA with Local 9 covering Defendant's sheet metal employees.

15.     Defendant's CBA is a contract between an employer and labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and a collectively bargained agreement within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

4

23015283v5

16.     The CBA, effective July 1, 2019, as renewed and continuing in effect at least through June 30, 2025, requires that Defendant contribute to the ERISA Funds and Industry Fund monthly at specified rates for each compensable hour for all of its employees covered by the CBA, as well as requiring Defendant to pay contributions to the Vacation Plan and Drug Testing Fund.

17.     Article 8, Section 24(c) of the CBA provides that contributions to the Funds are due no later than the twentieth (20th) day of each month following the month in which the covered work is performed.

18.     Article 8, Section 24(e) of the CBA provides that the Defendant is bound to the provisions of the Agreement and Declaration of Trust of each of the Funds (collectively, the "Trust Agreements"), which are incorporated by reference into the CBA, and to the actions of the Trustees.  Said Trust Agreements are terms of the CBA and are terms of the ERISA Funds' plans within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

19.     Article 8, Section 24(f) of the CBA provides that the Defendant is bound to retain records and to permit auditors authorized by the Funds to inspect Defendant's payroll records to ensure compliance with its obligations to the Funds.

20.     Article 8, Section 24(h) of the CBA provides that, in the event the Defendant defaults or becomes delinquent in any of its obligations to the Funds, the Defendant shall be liable for such penalties and costs as may be provided for by the Trust Agreements, resolutions, and policies of the respective Trustees, including, but not limited to, a late payment fee, interest, liquidated damages, and all costs of collection including reasonable attorney's fees and accounting fees.

21.     At all relevant times, the Collection Policy of each of the ERISA Funds, adopted by the Trustees pursuant to their authority under the Funds' respective Trust Agreements, to which

the Defendant is contractually bound, has provided that an employer's monthly contribution is delinquent if the completed remittance report and accompanying payment due the ERISA Funds are not received by the Funds after the twentieth (20th) day of the month following the month in which the covered work is performed.  Said Collection Policy provides terms of the CBA and terms of the ERISA Funds' plans within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

22.     At all relevant times, the Collection Policy of each of the ERISA Funds has provided that an employer delinquent in its monthly contributions to the Funds is liable for: interest at the rate of ten percent (10%) per annum, late fees at the rate of five percent (5%) of the delinquent contributions, liquidated damages at the rate of twenty percent (20%) of the delinquent contributions, and the Funds' attorneys' fees and costs.

23.     For the months of July 2022 through November 2022, and January 2023 through March 2023 (the "Current Delinquencies"), Defendant has failed to timely make its contributions owed to the Plaintiffs pursuant to the terms of the CBA, Trust Agreements, and Collection Policy.

24.     Based upon information available to the Funds, Defendant owes at least $61,923.85 in principal contributions to the Funds for the Current Delinquencies, including the following:

      a.      $35,039.94 to the Health Fund; and

      b.      $16,076.23 to the Pension Fund; and

      c.      $4,468.02 to the Training Fund; and

      d.      $4,394.97 to the Vacation Plan; and

      e.      $1,785.20 to the Industry Fund; and

      f.      $159.49 to the Drug Testing Fund.

25.     Based upon information available to the Funds, Defendant owes at least $10,257.07 in interest and late fees to the Funds for the Current Delinquencies through December 29, 2023, as well as owing liquidated damages.

26.     In total, based upon information available to the Funds, Defendant owes at least $72,180.92 to the Funds for the Current Delinquencies, plus liquidated damages.

27.     Plaintiffs are further conducting an audit of Defendant's payroll records, as authorized by Article 8, Section 24(f) of the CBA, for the period January 1, 2020, through March 31, 2023 (the "Audit").

28.     Upon information and belief, the Audit will reveal that Defendant has been delinquent in paying its required contributions to the Funds above and beyond the known Current Delinquencies (the "Audit Delinquencies").

29.     Defendant's obligation to make contributions to the Funds is ongoing and such contributions will become due and owing during the pendency of this litigation.  Accordingly, Plaintiffs' claims in this case include any claims for any contributions that become delinquent, or become known to be delinquent, during the pendency of this case (the "Subsequent Delinquencies").

### Count I
### Delinquent Contributions – ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2)
### (ERISA Funds v. Defendant)

30.     Plaintiffs incorporate the preceding paragraphs as if fully stated herein.

31.     Section 515 of ERISA, 29 U.S.C. § 1145, requires employers who are obligated to make contributions to a multiemployer employee benefit plan to do so in accordance with the terms of the collective bargaining agreement or the plan.

32.     Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides as follows:

23015283v5

In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan:

(A)     the unpaid contributions,

(B)     interest on the unpaid contributions,

(C)     an amount equal to the greater of:

(i)     interest on the unpaid contributions, or

(ii)     liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under sub-paragraph (A),

(D)     reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E)     such other legal or equitable relief as the court deems appropriate.  For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

33.     Defendant's failure to remit its required contributions, accrued interest, and late fees to the ERISA Funds is a breach of its obligations under its CBA and the ERISA Funds' Trust Agreements and is a violation of Section 515 of ERISA, 29 U.S.C. § 1145, as Defendant has not made contributions in accordance with terms of the CBA or the plan.

34.     Under Sections 515 and 502(g)(2) of ERISA, 29 U.S.C. §§ 1145 and 1132(g)(2), Defendant is obligated to the ERISA Funds to pay the full amount of its delinquent contributions, accrued interest, and late fees under the terms of the ERISA Funds' Trust Agreements and Collection Policy, plus liquidated damages.

35.     Under Sections 515 and 502(g)(2) of ERISA, 29 U.S.C. §§ 1145 and 1132(g)(2), Defendant is also obligated to the ERISA Funds and the Trustees to pay their attorneys' fees and costs incurred in this action.

36.     The ERISA Funds are also entitled, under Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E), to such other legal or equitable relief as the Court deems appropriate.

37.     Plaintiffs seek relief as specified in the Prayer for Relief.

**Count II**
**Breach of Labor Contract – LMRA § 301, 29 U.S.C. § 185**
**(All Plaintiffs v. Defendant)**

38.     Plaintiffs incorporate the preceding paragraphs as if fully stated herein.

39.     By failing to pay the contributions and related amounts owed to Plaintiffs under its CBA, Defendant has breached the CBA.

40.     Plaintiffs have standing to bring a claim for breach of the CBA pursuant to LMRA § 301(a), 29 U.S.C. § 185(a) because the Funds are intended third-party beneficiaries of the CBA.

41.     Plaintiffs seek relief as specified in the Prayer for Relief.

**Prayer for Relief**

**WHEREFORE,** Plaintiffs respectfully request that the Court:

1.     Declare that Defendant is delinquent in its contributions to the Funds pursuant to the CBA, Trust Agreements, ERISA, and LMRA; and

2.     Award to the Plaintiffs all of the sums due under the terms of the CBA, Trust Agreements, Collection Policy, ERISA, and LMRA, including:

> a.     The delinquent contributions, interest, late fees, and liquidated damages owed to Plaintiffs as a result of the Current Delinquencies, in an amount to be proved, but at least $72,180.92 as of December 29, 2023; and

23015283v5

b.　　The delinquent contributions, interest, late fees, and liquidated damages owed to Plaintiffs as a result of any Audit Delinquencies and/or any Subsequent Delinquencies, in an amount to be proved; and

c.　　The attorneys' fees and costs incurred by Plaintiffs, in an amount to be proved; and

3.　　Restrain and enjoin the Defendant, its officers, agents, servants, attorneys, successors, assigns and all persons acting on its behalf or in conjunction with it from:

a.　　Refusing to timely file remittance reports due Plaintiffs for all periods for which the Defendant is obligated to file such reports under the terms of the CBA and successor agreements and the Trust Agreements; and

b.　　Failing or refusing to pay to the Plaintiffs all amounts, including contributions, interest, liquidated damages, late fees, and costs due to the Plaintiffs for which Defendant is obligated to make payments under the terms of the CBA and successor agreements and the Trust Agreements; and

4.　　Retain jurisdiction of this case pending full compliance with its Orders; and

5.　　Grant Plaintiffs such further and other relief as may be just and proper.

Dated: December 30, 2023　　　　　　Respectfully submitted,

*/s/ Richard S. Siegel*
Richard S. Siegel
SLEVIN & HART, P.C.
1625 Massachusetts Avenue, NW, Suite 450
Washington, DC  20036
Telephone: (202) 797-8700
Facsimile:  (202) 234-8234
rsiegel@slevinhart.com
*Attorney for Plaintiffs*

A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h).

23015283v5